Anthony **CELARDO**, Plaintiff,

v.

**GNY AUTOMOBILE DEALERS HEALTH & WELFARE TRUST, Defendant.**

**No. CV 99–3497.**

United States District Court, E.D. New York.

Jan. 11, 2002.

Agoglia, Fassberg, Holland & Crowe, P.C. by E. Kevin Agoglia, Esq., Mineola, NY, for Plaintiff.

Foley, Hickey, Gilbert & O'Reilly by Terrence P. O'Reilly, Esq., New York City, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEXLER, District Judge.

Plaintiff Anthony Celardo brings this action pursuant to section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), against defendant GNY Automobile Dealers Health & Welfare Trust, claiming that he is entitled to coverage under a medical benefits plan for hospital and medical expenses he incurred resulting from a motor vehicle accident. Defendant denied coverage relying on an exclusion of coverage under the plan for charges "resulting from" an "illegal act." The action was tried before this Court, and the following are the Court's findings of fact and conclusions of law.

### FINDINGS OF FACT

Celardo was a salesman employed by Oyster Bay Nissan, a participating member of the Greater New York Automobile Dealers Association ("GNYADA"). Defendant provided medical benefits to employees of participating members of GNYADA through a plan entitled "Triple Option Medical Benefits Plan" (the "Plan").

On May 20, 1998, while employed by Oyster Bay Nissan, Celardo removed the dealer license plate from a vehicle that was assigned to him and placed the plate on an unregistered, uninsured, and uninspected 1980 Chevrolet Corvette. Although Celardo referred to the Corvette as his car, ownership was in his mother's name. The Corvette had been idle for many years, during which time Celardo was incarcerated on a state drug conviction. After placing the dealer plate on the Corvette, Celardo took the car for a drive, accompanied by his girlfriend, Diane Tornello. While driving the car, Celardo lost control and crashed into a tree. The car was demolished and Celardo and Tornello were seriously injured.

A Suffolk County police officer responded to the accident scene and ultimately issued Celardo various summonses under the New York Vehicle and Traffic Law ("VTL"), including, *inter alia*, unregistered motor vehicle (VTL § 401); uninsured motor vehicle (VTL § 319); uninspected motor vehicle (VTL § 306(b)); operating a motor vehicle with license plates not proper for that vehicle (VTL § 402(4)); improper use of dealer plates (VTL § 415(8)); and driving a motor vehicle on the left side of a double line marking on a highway (VTL § 1126(a)).

Following the accident, Celardo was hospitalized and incurred substantial hospital and medical expenses due to his injuries. Hospital and medical providers submitted claims to the Plan's third-party administrator, Preferred Choice Management Systems, Inc., d/b/a MagnaCare ("MagnaCare"), on plaintiff's behalf for payment of hospital and medical expenses incurred by plaintiff. By letter dated July 1, 1998,

MagnaCare denied coverage based on an exclusion from coverage found in section 9(5) of the Plan (entitled "Excluded Charges and Limitations"), which provides in relevant part:

> In addition to any benefit limitations or exclusions listed in this Plan, the following charges are EXCLUDED charges and services with respect to the benefits under the Plan, and no benefits will be paid for any of the following charges or services:

> .    .    .    .    .

> (5) Charges incurred resulting from ... participation in a riot, insurrection or participation in or in consequence of having participated in an illegal act.

Moreover, by letter dated July 27, 1998, defendant supplemented the July 1, 1998 by MagnaCare, and explained its denial of coverage, listing as the "illegal acts" the above traffic infractions.

Celardo appealed the denial of coverage decision to the defendant's Board of Trustees. The Board of Trustees affirmed the denial of coverage for the same reasons, as reflected in the minutes of an October 22, 1998 Board of Trustees' meeting.

Celardo then brought this action challenging defendant's denial of coverage.

### DISCUSSION AND CONCLUSIONS OF LAW

The parties agree that in reviewing defendant's denial of coverage decision, this Court must determine whether that decision was arbitrary and capricious. *See*

*Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

Upon consideration, this Court concludes that defendant's decision was arbitrary and capricious. There is no basis for a determination that Celardo's accident and resulting hospital and medical expenses "result[ed] from" or were "in consequence of" any of the conduct resulting in the summonses upon which defendant relied in denying coverage, i.e., unregistered, uninsured, and uninspected motor vehicle, operating a motor vehicle with improper license plates, improper use of a dealer plate, and driving a motor vehicle on the left side of a double line marking on a highway. Thus, even assuming that that conduct constituted "illegal acts," there is no basis for finding that such conduct caused the accident and resulting hospital and medical charges. Accordingly, defendant's decision denying coverage was arbitrary and capricious.[1]

The Clerk of Court is directed to enter judgment for plaintiff setting aside the determination denying coverage on the grounds stated, and to close the file in this action.

SO ORDERED.

---

1. The parties dispute whether Celardo had permission to use the dealer plate on the Corvette at the time of the accident. However, that determination would not alter this Court's conclusion that defendant's decision denying coverage was arbitrary and capricious, because there is no basis for a determination that Celardo's hospital and medical expenses "result[ed] from" or were "in consequence of" any lack of permission to use the dealer plate—one of the purported "illegal acts."

Moreover, Celardo notes (as does the police accident report) that he was also ticketed for having improper tires (i.e., bald tires) under VTL § 375, subd. 35(c). Although this conduct conceivably could have contributed to the accident, defendant did not claim that this conduct was an "illegal act" in denying coverage.